## William Campbell v. The People.

*Criminal law: Rape: Assault with intent to ravish.* It is competent, under an information charging rape, for the jury to find the respondent guilty of assault with intent to ravish.

*Evidence: Objections: Reasons.* It is too late on review to assign reasons for an objection to the admission of evidence, for which none were assigned on the trial.

*Charge to the jury: Good reputation.* An exception to the refusal to give a request to charge on the weight to be given to evidence of good character on a trial for crime, which was not improper in itself, is not sustained where the charge as given on the subject was not essentially different in substance, and was calculated to ensure to the respondent the full benefit of his good reputation.

*Submitted on briefs June 14.    Decided June 21.*

Error to St. Clair Circuit.

*Atkinson & Stevenson,* for plaintiff in error.

*Andrew J. Smith, Attorney General,* for the People.

COOLEY, CH. J:

The plaintiff in error was convicted of an assault with intent to ravish, upon an information which charged only the commission of the principal offense. One of the errors assigned is, that the information does not support the conviction.

The previous rulings of this court in *People v. McDonald, 9 Mich., 150,* and *Hanna v. People, 19 Mich., 316,* are decisive of the point made. In each of those cases it was decided that under an indictment charging a specific offense it was competent for the jury to find the respondent guilty of a lesser offense included in it. The lesser offense of felonious assault is necessarily included in the offense of rape; the completed offense being the aggravation of the criminal assault.

Exception was also taken to the reception in evidence of the return of the justice before whom the prisoner had his

CAMPBELL v. PEOPLE.

preliminary examination. This was objected to on the trial, but no reason was assigned for the objection. We think it too late to assign any now.

The defendant gave evidence of good character and reputation, and requested the court to instruct the jury as follows: "Good character is an important fact with any man, and never more so than when upon trial for a crime such as is charged in this case, and may not only raise a doubt of guilt which would not otherwise exist, but may bring a conviction of innocence; and if you find that the defendant was a man of good character and reputation, you will consider this in relation to the other circumstances in the case, and give it such weight as it is entitled to in the light of the law as here given you." The court, instead of giving this instruction, substituted the following: "The defendant has offered evidence tending to show his good character. It is not usual, perhaps, for good men to commit crime, but it is possible, and men who stood high have been convicted. You will consider the evidence with the rest, and give the prisoner all the benefit of it that you believe him to be entitled to."

This substitution is excepted to; the respondent insisting upon his right to the instruction requested. But while we think the court might properly have acceded to the request, we do not think it was a matter of right. The instruction as given was not essentially different in substance, and was calculated to ensure to the defendant the full benefit of his good reputation.

The judgment must be affirmed.

The other Justices concurred.