THE PEOPLE v. JOHN COURIER.

*Criminal law—Rape—Age of consent.*

1. Perfect penetration is not now considered necessary in order to constitute the crime of rape, or of carnal knowledge and abuse of a child under the age of fourteen years.

2. Force, against her will, is not a necessary element of the crime of carnally knowing and abusing a child under the age of fourteen years. Sexual intercourse is sufficient, and if an assault is made with that design the assaulter is guilty of an assault with intent to commit such crime.

3. Under an information charging carnal knowledge and abuse of a child under the age of fourteen years, the accused may be convicted of an assault with intent to commit that offense, or of simple assault. *People v. McDonald*, 9 Mich. 150; *Hanna v. People*, 19 Id. 316; *Campbell v. People*, 34 Id. 351.

Error to recorder's court of Detroit. (Chambers, J.) Argued January 23, 1890. Decided January 31, 1890.

Respondent was convicted of carnally knowing and abusing a girl under the age of fourteen years, and sentenced to State prison for fifteen years. Conviction affirmed. The facts are stated in the opinion.

*S. S. Babcock* (*George X. M. Collier*, of counsel), for respondent.

*S. V. R. Trowbridge*, Attorney General, and *James V. D. Willcox*, Prosecuting Attorney, for the people.

MORSE, J. The respondent was convicted in the recorder's court of Detroit of carnally knowing and abusing a female child under the age of 14 years, and sentenced to the State prison at Jackson for the term of 15 years. The assignments of error all relate to the charge of the court.

The court was asked by respondent's counsel to direct a verdict of not guilty. This request was based upon the testimony of a physician, sworn on behalf of the people, who gave the result of his examination of the little girl, made soon after the alleged assault upon her. It was claimed that his testimony showed that there could not have been a perfect penétration of the child by the defendant without a rupture of the parts, and which, with the blood letting therefrom, would cause great pain, and also outcries from the child, of which pain and outcries there was no evidence, but to the contrary; that the testimony of the physician also showed that there was no rupture or forcing or penetration of the parts, or breaking of the hymen, and therefore the *corpus delicti* or crime charged in the information had not been proved by the people, and the verdict should have been not guilty. The physician, however, testified that the parts were swollen and inflamed, and evidently caused by contact with the male organ; that the hymen was absent, but its loss had not been recent.

Perfect penetration is not now considered necessary in order to constitute the crime of rape, or carnal knowledge and abuse of a child under the age of 14 years. As was said by the trial court in his charge to the jury, the English and American courts hold that nothing more that *res in re* is necessary without reference to the extent of the penetration. There was in this case positive evidence of persons, who caught the respondent in the act, that there was penetration to some extent, and sufficient, if the testimony was believed, to constitute the crime charged. The court very properly left the question of penetration to the jury, instructing them that they must find a penetration of the child's body by the male organ.

The respondent's counsel requested the court to charge that the evidence failed to show that the defendant had

any intent to carnally know the child, and therefore the respondent must be acquitted. We do not propose to discuss the testimony, but we are satisfied that there was sufficient evidence of the intent to commit the crime to justify the jury in their finding of guilty.

The other requests, which were refused by the court, all tended in the same direction, though couched in different language, to wit: That the verdict, because of certain circumstances and appearances, must be that of not guilty.

In cases of this kind it is not necessary that it should be shown, as in rape, that the accused intended to gratify his passion at all events. If he intended to have sexual intercourse with the child, and took steps looking towards such intercourse, and laid hands upon her for that purpose, although he did not mean to use any force, or to complete his intent if it caused the child pain, and desisted from his attempt as soon as it hurt, he yet would be guilty of an assault with intent to commit the crime charged in the information. Force, against the will of the female, is not a necessary element of the crime charged here. Sexual intercourse is sufficient, and if an assault is made, with the design of sexual intercourse with a child under the statutory age, the crime of an assault with intent to carnally know and abuse the child is committed. If indecent liberties are taken with the child with no intent to have sexual intercourse, it is punishable as an assault; and the lesser crimes are contained within the greater, and, under an information charging carnal knowledge and abuse, the accused may be convicted of an assault with intent to commit such carnal knowledge and abuse or of simple assault. *Campbell v. People,* 34 Mich. 351; *People v. McDonald,* 9 Id. 150; *Hanna v. People,* 19 Id. 316.

It is contended that the court erred in not instructing

the jury, as requested by respondent's counsel, as follows:

"If the jury find that the defendant did take indecent and improper liberties with the child Edith, and did not intend to have sexual intercourse with her, he is not guilty of the charge."

The court, after reading this request, said:

"I cannot so charge. That is not exactly so. As to the first count in the information, if he had no intercourse,—that is, if there was no penetration,—then he is not guilty under that charge, but he may be guilty, as I have said with regard to that, of the charge of an assault with intent to commit the specific offense."

The court had previously properly instructed the jury as to what would constitute the offense charged, and further instructed them that if they found no penetration, but that the respondent had assaulted the girl with intent to commit the crime of carnally knowing and abusing her, they should acquit of the main charge, and find him guilty of assault with intent to commit such crime. The following had also occurred:

"*Mr. Babcock* (of counsel for respondent). I wish your honor would specify to the jury that part of the offense that your honor cited, that they may find an assault, or the assault with intent.

"*The Court.* I said this, Mr. Babcock: they must find him not guilty on the count as charged in the information. Of course, if they do not find him guilty of assault with intent to commit the crime, there is no charge in the information with regard to that. They can find him not guilty, as charged in the information, or guilty of the assault with intent.

"*Mr. Babcock.* They can find him guilty of the assault?

"*The Court.* If the facts are satisfactory beyond a reasonable doubt, they may find him guilty on the first count in the information, because there is only one. If they are not satisfied of those facts, they may find him guilty of assault with intent to commit the crime specifically charged in the information. If you do not find

him guilty of that, you will find him not guilty as charged in the information, or guilty of simple assault."

The request was faulty in the respect stated by the court. It looked to his acquittal, but, under the law, he would have been guilty of an assault. The jury were fully and properly instructed as to the law, and were permitted to find a verdict of guilty of the crime charged, a verdict of guilty of an assault with intent to commit the crime, or of simple assault, or of not guilty, as the facts and circumstances were found by them. They were fully instructed as to the presumption of innocence in favor of the respondent, and that they must find him guilty beyond a reasonable doubt. They found him guilty of the offense as charged, and we find no reason for disturbing their finding.

His trial was eminently a fair one, and the judgment and sentence must be affirmed.

CHAMPLIN, C. J., CAMPBELL and GRANT, JJ., concurred.