## THE PEOPLE v. JOHN ABBOTT.

*Criminal law—Rape—Evidence—Witness—Impeachment—Pleading
—Conviction of lesser offense.*

1. In a prosecution for rape upon a girl under the age of 14 years, evidence of acts of intercourse with other men prior to the alleged commission of the offense is inadmissible, her good or bad character not being in issue, and such testimony not being competent as bearing upon her credibility as a witness; citing *People v. Glover*, 71 Mich. 303.

2. It is not error to permit the prosecutrix in a prosecution for rape to testify that the respondent had had intercourse with her prior to the date of the offense charged, such testimony being admissible for the purpose of showing the relations of the parties, and the opportunity afforded the respondent of meeting her; citing *Strang v. People*, 24 Mich. 6.

3. It is competent for the people in a prosecution for rape to impeach the witnesses for the respondent for truth and veracity, but it is error to couple with the impeaching question an inquiry into their reputation for chastity; citing *Leonard v. Pope*, 27 Mich. 145; *People v. Whitson*, 43 Id. 419; *People v. Mills*, 94 Id. 630.

4. Under an information charging the respondent with the crime of rape, he may be convicted either of assault with intent to commit that crime or assault and battery, and the court should instruct the jury what constitutes such offenses.[1]

Error to superior court of Grand Rapids. (Burlingame, J.)   Submitted on briefs November 2, 1893.   Decided November 10, 1893.

Respondent was convicted of the crime of rape, and sentenced to State prison for 30 years.   Judgment reversed, and a new trial ordered.   The facts are stated in the opinion.

---

[1] See *People v. Miller*, 96 Mich. 119, holding that a respondent who is informed against for the crime of rape may be convicted of an assault with intent to commit that offense, upon testimony showing its actual commission.

*Nathan P. Allen,* for respondent.

*A. A. Ellis,* Attorney General, and *Alfred Wolcott,* Prosecuting Attorney, for the people.

LONG, J.    Respondent was convicted of the crime of rape upon one Annie Punderson, a girl of 10 years of age, in the superior court of Grand Rapids.

Several errors are assigned.

1. That the court erred in excluding the testimony of the girl, Annie Punderson, as to her having had carnal intercourse with other men prior to the time of the alleged offense.

The statute[1] provides:

"If any person shall ravish and carnally know any female of the age of fourteen years or more, by force and against her will, or shall unlawfully and carnally know and abuse any female child under the age of fourteen years, he shall be punished by imprisonment in the State prison for life or for any term of years; and such carnal knowledge shall be deemed complete upon proof of penetration only."

In *People v. Glover,* 71 Mich. 303, the case was brought under this statute, and error was alleged upon the refusal of the court to allow the respondent to show that the reputation of the girl for chastity was bad.   It was held that the statute having fixed the age of consent at 14 years, it would be no answer to the charge that she had a bad reputation for chastity.   The ruling of the court in the present case excluded the inquiry as to whether she had had sexual intercourse with other men prior to that time, and was correct for the reasons given in *People v. Glover, supra.*   The offense is in unlawfully and carnally knowing a female child under the age of 14 years, and it is no less an offense, within the terms of the statute, if the child has had intercourse with other men prior to that

[1] 3 How. Stat. § 9094.

time. The court was not in error in excluding the evidence.

But though the court did exclude, at the time it was first offered, evidence of this character, it was afterwards admitted, and respondent's counsel drew from the girl the fact that at other times prior to the alleged offense she had had intercourse with several other men. The court admitted this testimony on the claim of counsel for respondent that it was competent as bearing upon the girl's credibility. It was not competent, in this case, even for that purpose. If the girl had been of the age of consent, it might be competent to admit evidence of her general reputation for chastity, as bearing upon the probability of her story, but specific acts of unchastity could not be inquired into. *People v. McLean,* 71 Mich. 309. But here the law conclusively presumes that the girl could not give her consent, and every act of intercourse with her would be a crime committed against her, and such acts could not, therefore, affect her credibility. Her reputation for truth and veracity could be inquired into, the same as of an adult, but she could not be impeached by her acts of intercourse.

2. It is claimed that the court was in error in allowing the girl to state that the respondent had had intercourse with her prior to the date of the offense charged. There was no error in this. While such testimony was not admissible for the purpose of making it more probable that the offense charged had been committed, yet it was admissible for the purpose of showing the relations of the parties, and the opportunity offered the respondent of meeting her. In *Strang v. People,* 24 Mich. 6, the prosecutrix was permitted, though above the age of consent, to testify to another act of intercourse with her by respondent. The Court there said it was admissible for the purpose of explaining, to some extent, the fear the witness was under, and as tend-

ing to account for her submission to his will at the time
of the assault charged; and that the court below, in sub-
mitting the case to the jury, correctly instructed them that
they were to regard it for that purpose only.    In the
present case the court instructed the jury that they must
ignore every other offense testified to except the one
charged in the information, and that this testimony was
admitted for the purpose only of showing the relations of
respondent with her, and his opportunity to have had con-
nection with her on the occasion when the offense is charged
to have been committed, and that what he may have done
before he was not to be charged with in this prosecution.

3. It is charged that the court erred in permitting the
prosecutor to ask one of the witnesses for the people, who
was called on rebuttal, what the reputation of Mrs. Van
was for morality, decency, virtue, truth, and veracity in
that neighborhood; and the same question was asked in
reference to Evelyn Merty and Mary Gardner, with the
permission of the court.    These parties had been called as
witnesses for the defense, and the question was asked for
the purpose of impeaching them.    The witness answered
that the reputation of these parties was bad.    The court
attempted to correct the admission of these questions by
saying in the charge to the jury that, in considering the
question of the impeachment of these witnesses, they should
leave out that part of the questions and answers which
related to their reputation for morality, decency, and
virtue, and consider only that portion relating to their
truth and veracity.    In permitting these questions to be
answered there was manifest error, and the attempt to cure
it in the charge does not remove the effect it probably had
on the jury.    The prosecution had the right to impeach
the witnesses for truth and veracity, but, when with the
question there was coupled an inquiry into their reputation
for chastity, the question should have been excluded.

*Leonard v. Pope,* 27 Mich. 145; *People v. Whitson,* 43 Id. 419; *People v. Mills,* 94 Id. 630.   The answer was before the jury, and it is impossible to say that it did not have weight with them in considering the testimony of these witnesses, notwithstanding the caution of the court. *Scripps v. Reilly,* 35 Mich. 371.

4. The court also erred in instructing the jury that they must convict the respondent of rape, if at all.   The information for rape necessarily embraced the offense of an assault with intent to commit the crime of rape, and an assault and battery, and the jury should have been instructed that they might convict him of either of the lesser offenses.   How. Stat. § 9428, provides:

"Upon an indictment for any offense consisting of different degrees, as prescribed in this title, the jury may find the accused not guilty of the offense in the degree charged in the indictment, and may find such accused person guilty of any degree of such offense inferior to that charged in the indictment, or of an attempt to commit such offense."

In *People v. McDonald,* 9 Mich. 150, 153, it was said:

"It is a general rule of criminal law that a jury may acquit of the principal charge, and find the prisoner guilty of an offense of lesser grade, if contained within it."

See, also, *Hanna v. People,* 19 Mich. 316, to the same effect, and in which the provision of the statute above quoted was cited.

It was settled in *Campbell v. People,* 34 Mich. 351, that under an information charging rape it is competent to find the respondent guilty of an assault with intent to ravish. The same doctrine was followed in *Hall v. People,* 47 Id. 636.   In the latter case it was said:

"We are also of the opinion that the court erred in not instructing the jury that they might convict the accused of a felonious assault under the offense charged."

It was held in *People v. Courier,* 79 Mich. 366, that,

under an information charging carnal knowledge and abuse of a female child under the age of 14 years, the accused may be convicted of an assault with intent to commit that offense, or of simple assault.

In this case it was a question for the jury, under the evidence in the case, to determine whether the respondent was guilty of rape, of assault with intent to commit that crime, or of simple assault; and the court should have directed them what constitutes the lesser offenses, and that they might convict on either of these lesser offenses. *Hall v. People*, 47 Mich. 636.

For these errors the judgment must be set aside, and a new trial awarded.

The other Justices concurred.