PEOPLE v. EDDY.

1. Rape—Statutory Rape—Taking Indecent Liberties—Lesser Offenses.

   In prosecution for statutory rape, court was not in error in permitting dismissal of charge of taking improper and indecent liberties with female child; said crime not being one of lesser degree of statutory rape.

2. Criminal Law—Failure to Charge Not Error in Absence of Request—Statutes.

   In absence of request therefor, failure of trial court to charge jury in regard to defendant's statements or confessions was not error, although it should have been done *sua sponte* (Act No. 175, Pub. Acts 1927, chap. 8, § 29).

3. Rape—Statutory Rape—Chastity of Prosecutrix Not Material.

   Refusal to permit cross-examination of prosecutrix, in prosecution for statutory rape, as to her relations with another man, was not error; under circumstances of case, chastity of prosecutrix not being material.

4. SAME—LESSER OFFENSES—ASSAULT WITH INTENT TO RAPE.
In prosecution for statutory rape, trial court was not in error in charging jury that said charge included assault with intent to commit rape, where evidence showed that defendant placed his arm around prosecutrix.

5. SAME—ASSAULT WITH INTENT TO RAPE.
Actual physical force need not be shown in order to prove crime of assault with intent to commit rape.

6. SAME—EVIDENCE.
In prosecution for statutory rape, there was no error in receiving testimony of prosecutrix, although in both direct and cross-examination her answers were given in hesitating and unresponsive manner; her manner being for jury to consider.

Error to Calhoun; Hatch (Blaine W.), J. Submitted October 16, 1930. (Docket No. 156, Calendar No. 35,013.) Decided December 2, 1930.

Frank Eddy was convicted of assault with intent to commit rape. Affirmed.

*Howard W. Cavanagh,* for appellant.

*Wilber M. Brucker,* Attorney General, *Andrew W. Lockton,* Prosecuting Attorney, and *Wm. J. Kearney,* Assistant Prosecuting Attorney, for the people.

BUTZEL, J. Respondent was charged with the crime of statutory rape on Charlotte French, a child under 16 years of age. The information also charged him with taking indecent and improper liberties with the child, but this charge was later dropped by the prosecution. The record does not give the exact age of the child, but it is not denied that she was under 16 years of age when the crime was committed. Respondent's counsel in one of his assignments states that she was 15 years of age.

She was a ward of the probate court at the time of the trial. Respondent lived with Charlotte's parents at Albion, to which city they had recently moved from Lee Center. Charlotte remained at Lee Center during the school days of the week in order to complete the school term, but would return to the new home in Albion for the week-end. At the time that the alleged crime was committed, respondent volunteered to call for her and bring her home. It is claimed that on the way home he drove his automobile into a secluded shed between a church and a school building, and there committed the crime.

Respondent was 44 years of age, and was divorced from his former wife. Their daughter was a companion of Charlotte. There was testimony showing that respondent was very much in love with Charlotte, exceedingly affectionate to her when no one was around, desired to marry her, and was extremely jealous when she received the attentions of others. Respondent showed that he was suffering from a venereal disease at the time of the alleged crime, and it is claimed that he would have transmitted it to the girl were he guilty of the crime. The testimony further shows that, after the alleged crime was committed, he told her to take money from his room in the home of Charlotte's parents and purchase some medicine that would produce an abortion; that shortly after the alleged crime was committed, Charlotte ran away from home and went to Bryan, Ohio, without her parents knowing her whereabouts; that subsequently, respondent drove to Bryan and took Charlotte to Mt. Pleasant, Michigan, where her whereabouts still remained unknown to her parents; that when respondent was

threatened with charges, he drove to Mt. Pleasant and brought the girl back home.

Respondent was arrested by a State trooper, and was interrogated by two members of the State police at the latter's office in Jackson, Michigan. He denied his guilt, and was lodged in jail at Jackson. The following day he was taken to Marshall, Michigan, where, after considerable interrogation, he signed a first statement showing that he had improperly treated the girl. Shortly thereafter he signed a second statement in which he admitted that he committed statutory rape. The testimony of a State trooper, who secured the two statements signed by respondent, was to the effect that respondent was told that he did not have to sign any statement, and that, if there were any action brought, it could be used against him. Respondent denied committing the crime, claimed that others were present when he accompanied the girl home on the evening in question. He further denied almost all of the other damaging statements. He claims that when he was at the office of the State police in Jackson, he was struck on the mouth by a State trooper, and that his lips bled for a considerable period. He does not claim he received any violent treatment the following day at Marshall, except that he asked to see an attorney and was not given the opportunity. The prosecution showed that an unsuccessful effort was made to obtain an attorney for him. Respondent further claims that the statements or confessions were read to him before he signed them, and that the parts in each statement with reference to the gist of the crime were inserted after he signed the statement, and that he thought the second statement was a carbon copy of the first one.

There were no requests whatever to charge. The judge in his charge stated that the lesser offenses included in the crime of statutory rape were assault with intent to rape and assault and battery. He made no reference whatsoever in his charge to the statements or confessions reported to have been made by respondent. The jury found the respondent guilty of the crime of assault with intent to commit rape.

It is claimed that the court erred in permitting the dismissal of the charge of taking improper and indecent liberties with a female child. While this crime has some of the characteristics of that of assault with intent to commit statutory rape, it nevertheless is not one of the lesser degrees of statutory rape. The court did instruct the jury as to the lesser degrees of the crime of statutory rape. When the charge of taking improper and indecent liberties with a female child was dropped, respondent had already been put in jeopardy. We know of no rule of law which gives one the right or privilege to be charged with a crime which is not a lesser degree of the offense than that with which he still remains charged.

It is further claimed that the court erred in not charging the jury that they should not pay attention to the statements or confessions of respondent. While it would have been very proper for the court to have made reference to the confessions inasmuch as he discussed the other testimony and he should have done it *sua sponte,* there was no error in his failing to do so under the circumstances. The confessions were introduced, and full and complete testimony was given to show the circumstances under which they were obtained and that they were volun-

tary. Respondent in his defense claimed that they were improperly obtained. It became a question of fact thereupon, whether the confessions were signed by respondent in the form in which they were introduced and whether they were made without duress, threats, or promises. Respondent was defended by able counsel who made no requests to charge whatsoever. He did not deem it necessary after the court gave its charge to ask that further instructions be given in regard to the confession. He kept absolutely silent. The failure to make requests to charge precludes him from objecting to the incompleteness of the charge. *People* v. *Smith,* 122 Mich. 284.

Section 29, chap. 8, Act No. 175, Pub. Acts 1927, provides as follows:

"The failure of the court to instruct on any point of law shall not be ground for setting aside the verdict of the jury unless such instruction is requested by the accused."

It is claimed that the court erred in not permitting Charlotte to be cross-examined regarding her relations with another man. In the case at bar there was no testimony of physicians who examined the girl and showed that her person had been violated, as in *People* v. *Keller,* 227 Mich. 520; nor was there any claim of pregnancy, as in *People* v. *Russell,* 241 Mich. 125.

The case of *People* v. *Russell, supra,* is authority for the rule that generally in a prosecution for statutory rape testimony relative to the chastity of the prosecutrix is immaterial. To like effect are *People* v. *Glover,* 71 Mich. 303; *People* v. *Abbott,* 97 Mich. 484 (37 Am. St. Rep. 360).

Further error is claimed that, in defining the lesser crimes that one may be convicted of when charged with statutory rape, the court said:

"The second offense included in said charge is, that an assault with intent to commit the crime of rape was committed. Having outlined to you what the crime of rape consists of it is hardly necessary to go into the elements of the second offense included in said charge any further than to say that the second offense would be committed if the accused attempted to commit the greater offense but did not do so, and if in attempting to do so he committed an assault upon the female. If these things are shown beyond a reasonable doubt he would have committed the crime of assault with intent to rape."

We find no error in this charge. There was sufficient evidence to find respondent guilty of assault with intent to commit rape. Respondent's first statement or confession shows that he not only placed his arm around the girl and hugged and kissed her, but that he also felt around her body. These facts, together with the second confession in which he admitted the crime of statutory rape, fully justified the verdict of assault with intent to commit rape. The further fact that respondent did not transmit the disease with which he was afflicted to the girl might have been taken into consideration by the jury in arriving at its verdict. See *People* v. *Bark,* 251 Mich. 228. Respondent, however, claims that actual physical force must be shown in order to prove the crime of assault with intent to commit rape. He relies on the case of *People* v. *Dowell,* 136 Mich. 306, where the conviction was reversed, because, as the court found, at the time of the alleged assault all respondent did was to take hold of prose-

cutrix' arm and attempt to persuade her to meet him at some future time. The circumstances in *People* v. *Dowell, supra,* were so unusual that Mr. Justice GRANT, who wrote the opinion, said:

"This is an anomalous case. I have found no one like it in the books."

An assault involves something more than a design; the design must be supplemented by some physical manifestation.

"In cases of this kind it is not necessary that it should be shown, as in rape, that the accused intended to gratify his passion at all events. If he intended to have sexual intercourse with the child, and took steps looking towards such intercourse, and laid hands upon her for that purpose, although he did not mean to use any force, or to complete his intent if it caused the child pain, and desisted from his attempt as soon as it hurt, he yet would be guilty of an assault with intent to commit the crime charged in the information. Force, against the will of the female, is not a necessary element of the crime charged here. Sexual intercourse is sufficient, and if an assault is made, with the design of sexual intercourse with a child under the statutory age, the crime of an assault with intent to carnally know and abuse the child is committed. If indecent liberties are taken with the child with no intent to have sexual intercourse, it is punishable as an assault; and the lesser crimes are contained within the greater, and, under an information charging carnal knowledge and abuse, the accused may be convicted of an assault with intent to commit such carnal knowledge and abuse or of simple assault. *Campbell* v. *People,* 34 Mich. 351; *People* v. *McDonald,* 9 Mich. 150; *Hanna* v. *People,* 19 Mich. 316." *People* v. *Courier,* 79 Mich. 366.

To like effect is *People* v. *Kongeal,* 212 Mich. 307.

Error is further claimed because upon both the direct and cross-examination of the girl her answers were given in a hesitating and unresponsive manner, and frequently only after questions had been repeated a number of times before she answered them. This may have been largely due to the nature of the testimony she was called upon to give. It was so sordid that we shall not repeat it. She showed that the crime was committed, and without any inference or doubt. The manner in which she testified and the difficulty with which the answers were obtained from her were all observed and undoubtedly considered by the jury. There was no error in receiving this testimony.

There are 30 assignments of error in the record. Counsel for respondent in his brief states that he does not abandon them but he only discusses those to which we have called attention. We also do not believe it necessary to discuss any of them not hereinbefore set forth.

The judgment of conviction is affirmed.

WIEST, C. J., and CLARK, McDONALD, POTTER, SHARPE, and FEAD, JJ., concurred. NORTH, J., did not sit.