PEOPLE *v.* McGOVERN.

1. INDICTMENT AND INFORMATION—INDECENT LIBERTIES—STATUTORY
RAPE.

The crime of taking indecent liberties with the person of a
-female child under the age of 16 years without committing or
intending to commit the crime of rape is not a lesser offense
included in the crime of statutory rape but one may be
prosecuted under an information containing separate counts
in which the respective offenses are charged (Act No. 175,
chap. 7, § 82, Pub. Acts 1927, as added by Act No. 309, Pub.
Acts 1931; Act No. 328, §§ 336, 520, Pub. Acts 1931).

2. CRIMINAL LAW—INDECENT LIBERTIES—EVIDENCE.

In prosecution under information charging defendant with
statutory rape in one count and with taking indecent liberties
with the person of a female child under the age of 16 years
without committing or intending to commit the crime of rape
in a second count, evidence was sufficient to sustain conviction
under second count notwithstanding there was also evidence in
support of other charge (Act No. 175, chap. 7, § 82, Pub. Acts
1927, as added by Act No. 309, Pub. Acts 1931; Act No. 328,
§§ 336, 520, Pub. Acts 1931).

CHANDLER, STARR, and WIEST, JJ., dissenting.

Appeal from Recorder's Court of the City of De-
troit; Gordon (Arthur E.), J. Submitted June 17,
1943. (Docket No. 91, Calendar No. 42,376.) De-
cided September 7, 1943.

Charles McGovern was convicted of taking inde-
cent liberties with a female child. Affirmed.

*Kurt J. Kremlick,* for appellant.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *William E. Dowling,* Prosecuting Attorney, and *Harold Helper,* Assistant Prosecuting Attorney, for the people.

WIEST, J. *(dissenting).* An information in the recorder's court for the city of Detroit charged defendant with the crime of statutory rape, Act No. 328, § 520, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115–520, Stat. Ann. § 28.788), and also with taking indecent liberties with the person of a female child under the age of 16 years without committing or intending to commit the crime of rape. Act No. 328, § 336, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115–336, Stat. Ann. § 28.568). Upon trial by jury defendant was convicted of taking indecent liberties with such child. He reviews by appeal.

Two questions are presented:

"1. Was the verdict of the jury contrary to law, there being no evidence of assault or assault and battery, which is a necessary element of the crime of indecent liberties proved?

"2. Was there evidence on which to base the verdict of guilty to (of) the crime of indecent liberties?"

The testimony in behalf of the prosecution was that of statutory rape, consummated by defendant. This, on account of the age of the girl, would include the lesser offense of assault with intent to commit the crime of statutory rape, regardless of whether the girl resisted or consented, but not the crime of taking indecent liberties, as such crime is not one of lesser degree of statutory rape. *People* v. *Eddy,* 252 Mich. 340.

The mentioned indecent liberties statute is independent of statutory rape and its concomitant factors for it expressly requires negation of statutory rape intended or consummated. The statute reads:

"Any male person or persons over the age of 16 years, who shall assault a female child under the age of 16 years, and shall take indecent and improper liberties with the person of such child, without committing or intending to commit the crime of rape upon such child, shall be guilty of a felony."

The case is a sordid one. A friend of defendant, on the street at night, was accosted by the girl who stated she had no place to stay and he took her to the room of defendant. There the three of them occupied the one bed for the rest of the night. Defendant testified that he so befriended the girl because he wanted to be a "good samaritan." Nonsense. Defendant apparently had never read the parable, Luke 10:30-36, the origin of the saying a "good Samaritan." The evidence was sufficient to find defendant guilty of statutory rape, but there was no evidence showing an assault by defendant upon the girl without committing or intending to commit the crime of rape, and the court was in error in leaving to the jury the question of whether defendant was guilty of the crime for which he was convicted.

The prosecution directs attention to chapter 7, § 82, of the code of criminal procedure (Act No. 175, chap. 7, § 82, Pub. Acts 1927, as added by Act No. 309, Pub. Acts 1931 [Comp. Laws Supp. 1940, § 17293–3, Stat. Ann. § 28.1022]), which provides:

"Any indictment charging any person with rape, or an attempt to commit rape, upon any female, if such female shall be at the time such offense is claimed to have 'taken place, under the age of 16

years, may also contain a count charging such person with taking indecent and improper liberties with the person of such child, without committing or intending to commit the crime of rape; and the jury may convict of either offense, and may find all or any of the persons indicted guilty of either of the offenses charged in such indictment."

That statute is one of procedure in criminal cases but the offenses therein permitted to be included in the information are separate in point of proof.

There being no evidence supporting the verdict rendered and the verdict itself standing as an acquittal of the crime of rape consummated or an assault to commit that crime, we are obliged to reverse the conviction and discharge defendant. It should be so ordered.

CHANDLER, and STARR, JJ., concurred with WIEST, J.

NORTH, J. Under the record on this appeal, I am not able to concur in Mr. Justice WIEST's opinion for reversal and discharge of defendant.

It may first be noted that the crime of taking indecent liberties charged is not a lesser offense included in the other crime charged—statutory rape. It is an entirely separate offense; but under the statute (Act No. 175, chap. 7, § 82, Pub. Acts 1927, as added by Act No. 309, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17293-3, Stat. Ann. 28.1022), quoted by my brother, and for reasons which seem obvious, one may be prosecuted under an information which contains separate counts in which the respective offenses are charged.

Admittedly there was testimony in support of the charge of rape, and the jury did not convict defendant of that charge. But this result may well

have come about because testimony in behalf of defendant raised a reasonable doubt as to his actually having had sexual intercourse with the prosecutrix. But it does not follow that there was no evidence of an assault or of taking indecent liberties. The record contains ample testimony of each of these elements of the offense of taking indecent liberties as charged in the second count of the information, and of which defendant was convicted. In the respects just above noted we need refer but briefly to the record:

"*Q.* Did the defendant McGovern say or do anything during that night?

"*A.* Yes, sir.

"*Q.* What?

"*A.* He tried to have intercourse.

"*Q.* When he made that attempt, what did he do?

"*A.* Well, I didn't want to, but then he forced me to.

"*Q.* How did he do that; tell us what happened.

"*A.* I was just laying there and he wanted to have intercourse and I said 'No.' Then he forced me to and I had to give in."

Notwithstanding the jurors or some of them, because of testimony relative to defendant's physical condition, may have had a reasonable doubt that sexual intercourse actually was consummated, still the foregoing as well as other portions of the testimony made an issue of fact for the jury's determination as to whether defendant committed an assault upon and took indecent liberties with the prosecutrix. The jury found defendant guilty. The verdict and sentence is affirmed.

BOYLES, C. J., and BUTZEL, BUSHNELL, and SHARPE, JJ., concurred with NORTH, J.