PEOPLE v. McKEE.

1. CRIMINAL LAW—CHALLENGES—WAIVER OF RIGHT TO OBJECT TO JUROR.

Claim of defendant, convicted of rape, that he failed to receive a fair and impartial trial because 2 of the jurors were acquainted with several of his relatives *held*, without merit, where defendant and his privately retained counsel had knowledge of said alleged relationship, failed to challenge said jurors for cause, did not exhaust peremptory challenges, and made no objection to the court until after an unfavorable verdict, and the record discloses that the acceptance of said jurors was a deliberate trial tactic on the part of defendant's counsel, constituting a binding waiver of any objections which defendant might have had to said jurors (CLS 1961, § 750.520).

2. SAME—TRIAL TACTICS—WAIVER OF RIGHT TO OBJECT TO JUROR.

The deliberate choice by counsel of a particular trial strategy constitues a waiver, binding upon defendant, of any objection that might have been raised during trial.

3. SAME—EVIDENCE OF OTHER CRIMES—ADMISSIBILITY—RES GESTAE.

Claim by defendant, convicted of rape, that reversible error was committed during trial by allowing the complaining witness to testify that defendant had committed other crimes such as blackmail or extortion *held*, without merit, where her testimony was that, prior to attacking her, defendant stated that another person possessed a lewd tape recording of the complaining witness and was willing to sell it for $150 if she desired the tape,

REFERENCES FOR POINTS IN HEADNOTES

[1] 31 Am Jur, Jury §§ 154–156.
[2] 53 Am Jur, Trial § 143.
    31 Am Jur, Jury §§ 154–156.
[3] 29 Am Jur 2d, Evidence §§ 708, 713, 719, 721, 722, 731.
[4] 44 Am Jur, Rape § 124.
    53 Am Jur, Trial § 286.
[5, 6] 44 Am Jur, Rape §§ 21, 22, 124.
[7] 44 Am Jur, Rape §§ 100–111.

since this testimony not only failed to establish the commission of other crimes but was also properly admissible as part of the *res gestae* (CLS 1961, § 750.520).

4. RAPE—LESSER INCLUDED OFFENSES—FELONIOUS ASSAULT.

Failure to instruct the jury that felonious assault was a lesser included offense to a charge of rape *held*, not reversible error, where, although there was evidence that defendant threatened the complaining witness with a knife, such evidence was part of the *res gestae*, properly admissible to show that the rape was accomplished by force and against the will of the complainant (CLS 1961, § 750.520).

5. SAME—LESSER INCLUDED OFFENSES.

The lesser included offenses to a charge of rape are (1) assault with an intent to commit rape, (2) assault and battery, (3) simple assault (CLS 1961, § 750.520).

6. SAME—FELONIOUS ASSAULT—LESSER INCLUDED OFFENSES.

Felonious assault is not a lesser included offense in a charge of rape, although, in some circumstances, it could be a second count to a charge of rape (CLS 1961, § 750.520).

7. SAME—SUFFICIENCY OF EVIDENCE.

Claim by defendant, convicted of rape, that there was insufficient evidence to sustain the jury verdict *held*, without merit, where the conviction was supported by the testimony of the victim, 2 physicians, the victim's father, a police officer, and 3 witnesses offered by defendant (CLS 1961, § 750.520).

Appeal from Oakland; Ziem (Frederick C.), J. Submitted Division 3 February 9, 1967, at Lansing. (Docket No. 2,548.) Decided July 10, 1967. Leave to appeal denied October 24, 1967. See 379 Mich 785.

Tommy Agee McKee was convicted of rape. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *S. Jerome Bronson*, Prosecuting Attorney, *Patrick H. Oliver*, Chief Appellate Counsel, and *Robert W. Leutheuser*, Assistant Prosecuting Attorney, for the people.

*Anthony Renne*, for defendant.

FITZGERALD, J. Defendant was charged with the crime of rape under CLS 1961, § 750.520 (Stat Ann 1954 Rev § 28.788). Following jury trial in which defendant was represented by retained counsel, he was found guilty. Defendant, with new counsel, filed a motion for a new trial which was denied by the court and appeal followed.

Assignments of error on the denial of a motion for a new trial relate largely to the conduct of the trial. Specifically, counsel claims that the trial was not a fair and impartial trial by jury, affidavits being filed alleging that defendant's wife knew jurors 8 and 5; that defendant's brother-in-law knew juror 8 and juror 8's son; that defendant's mother-in-law knew juror 8; and that defendant's father-in-law knew juror 8. They further allege that juror 8 failed to reveal that she knew these relatives of defendant and further did not reveal the fact that she knew the location of a certain street in the city of Keego Harbor.

The usual question presented by such facts is whether a social relationship of a juror with one or more nonparty witnesses in the case is of sufficient import to decide that a jury was not fair, unbiased, impartial and unprejudiced. However, as stated in 11 ALR3d 859, 860, we actually have a two-pronged problem:

"One question that arises then is whether the fact that the potential juror had either a social or business relationship with a nonparty witness in the case will affect the former's judgment in weighing the testimony of the witness, particularly where there may be a conflict between the testimony of that witness and the testimony of another witness."

Determinative in the instant case is the further question explored in the above annotation, "Whether

the latter (the defendant) has in some way waived his right to object to the juror in question."

The trial judge, in ruling on this specific point in his denial of a new trial, stated, "The defendant and defendant's privately retained counsel had knowledge of the alleged relationship between 2 of the jurors and failed to challenge said jurors for cause, did not exhaust peremptory challenges, and did not object to the court until after an unfavorable verdict."

It is defendant's affidavit itself which supports this finding. In it he states that during the empaneling of the jury he was advised by his wife that she was acquainted with jurors number 5 and 8. He was also informed by his wife that both of the said jurors "were liable to be prejudiced against him." Defendant's affidavit continues, "that he advised his attorney of such fact * * * but that his attorney * * * did not seem to pay any attention to the advice that defendant had given."

The record in the instant case shows that though defendant and his counsel were aware that defendant's family had some acquaintanceship with jurors number 5 and 8, they failed to object to the seating of these 2 jurors until after an unfavorable verdict. The record further reveals a tenacious defense by defendant's counsel. There is every reason to believe he exercised his professional judgment in order to obtain a jury as sympathetic as possible to his client.

The record amply supports the conclusion that this was a deliberate trial tactic. As stated in *Henry* v. *Mississippi* (1965), 379 US 443 (85 S Ct 564, 13 L ed 2d 408):

"Counsel's deliberate choice of the strategy would amount to a waiver binding on petitioner and would

preclude him from a decision on the merits of his federal claim in the State courts or here."

On the other points raised by defense counsel, we are satisfied that no error exists. The fact of introduction of evidence of defendant offering to procure for the sum of $150 an allegedly lewd tape recording of the complaining witness and another party is not the introduction of another crime such as blackmail or extortion, as is suggested by the defense. The defendant at no time offered to sell the tape to prosecutrix, but rather stated that some other person was in possession of such a tape, had offered it to him and in turn was asking to know if the complainant wanted to buy it. This, we feel, was part of the *res gestae* and did not introduce the element of evidence of another crime on the part of defendant.

We further feel that the crime of felonious assault was not a proper lesser included offense in this prosecution. Felonious assault is not an included offense in a charge of rape. The lesser included offenses in a charge of rape are: (1) assault with intent to commit rape, *People* v. *Oberstaedt* (1964), 372 Mich 521 at p 524; (2) assault and battery, *People* v. *Sheffield* (1895), 105 Mich 117 at p 119, and *People* v. *Eddy* (1930), 252 Mich 340 at p 344; and (3) simple assault. These are necessarily involved in every charge of rape and consequently are included offenses.

Felonious assault, on the other hand, is not an included offense in a charge of rape, though, in some circumstances, it could be a second count. Felonious assault requires an assault by means of a dangerous weapon, such as a gun, revolver, pistol, knife, iron bar, club or brass knuckles. Though the victim testified defendant threatened her with a knife, a lesser included offense cannot now be man-

ufactured on the argument that there was sufficient evidence adduced to sustain a conviction of the crime of felonious assault, particularly in view of the fact that no such instruction was requested. Here again, the knife episode was part of the *res gestae* and part of the people's case in showing that the rape was accomplished by force and against the will of the prosecutrix. We concur with the trial court when it stated, "The defendant was charged with the crime of common law rape. The charge of felonious assault was not only not requested by defense counsel but would have been improper in any event."

Defendant further alleges a lack of sufficient evidence to sustain the verdict of the jury. Such a contention is not tenable under any view of the record. A great sufficiency of evidence was offered to the jury, specifically, the testimony of the victim, 2 physicians, the victim's father, a police officer, and the 3 witnesses offered by defendant. The allegation is without merit. See *People* v. *Arither Thomas* (1967), 7 Mich App 103.

Affirmed.

HOLBROOK, P. J., and J. H. GILLIS, J., concurred.