PEOPLE v WORRELL

Docket No. 53944. Submitted May 21, 1981, at Detroit.—Decided November 2, 1981. Leave to appeal applied for.

Jack Worrell was convicted of assault with intent to commit criminal sexual conduct involving sexual penetration and thereafter pled guilty to being an habitual criminal, Monroe Circuit Court, William J. Weipert, Jr., J. He appeals. *Held:*

1. The trial court properly instructed the jury on the offense for which the defendant was convicted as a lesser offense included in the original charge of third-degree criminal sexual conduct. Evidence that the defendant threatened actual physical force or violence to accomplish the acts was not necessary to support the giving of the instruction because the alleged victim was at least thirteen years of age and was under sixteen years of age and the defendant's intent to accomplish sexual penetration was supplemented by physical manifestations.

2. The information charging the defendant with third-degree criminal sexual conduct provided him with fair notice that he might be required to defend against the lesser included charge of assault with intent to commit criminal sexual conduct involving penetration because the alleged victim was at least thirteen years of age and was under sixteen years of age.

3. The record reveals that evidence of the defendant's prior bad acts was properly admitted.

4. The record reveals that the defendant's objection to the testimony of a certain prosecution witness was not preserved for review.

5. The record reveals that the trial court recognized its discretion in imposing the maximum sentence.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1, 7] 41 Am Jur 2d, Indictments and Informations § 97.
   65 Am Jur 2d, Rape §§ 20–24, 48.
[2, 5] 65 Am Jur 2d, Rape § 110.
[3, 6] 41 Am Jur 2d, Indictments and Informations § 97.
[4, 7] 65 Am Jur 2d, Rape § 23.
[8] 65 Am Jur 2d, Rape §§ 70–75, 84.
[9] 5 Am Jur 2d, Appeal and Error §§ 553, 601, 602.

1. RAPE — THIRD-DEGREE CRIMINAL SEXUAL CONDUCT — LESSER IN-
    CLUDED OFFENSES — STATUTES.

    Previously, in Michigan, a charge of statutory rape included the
    lesser offense of assault with intent to commit rape, and, under
    present Michigan law, while assault with intent to commit
    criminal sexual conduct may not constitute a mandatory lesser
    included offense in a charge of third-degree criminal sexual
    conduct, it is a viable cognate lesser offense (MCL
    750.520d[1][a], 750.520g[1]; MSA 28.788[4][1][a], 28.788[7][1]).

2. CRIMINAL LAW — LESSER INCLUDED OFFENSES — COGNATE OFFEN-
    SES.

    A cognate lesser included offense is one which shares several
    elements with and is of the same class or category as the
    greater offense; however, a trial court may not instruct a jury
    on a cognate lesser offense absent evidence to support a convic-
    tion on that offense.

3. CRIMINAL LAW — LESSER INCLUDED OFFENSES.

    A lesser included offense shares a common statutory purpose with
    the greater offense to protect the same societal interests, and
    the fact that the lesser included offense has an element which
    is not included within the greater offense does not preclude its
    inclusion with the greater offense.

4. RAPE — ASSAULT WITH INTENT TO COMMIT RAPE — COMMON LAW
    — INFANTS.

    Actual violence or actual assault is not an essential element of
    the crime of assault with intent to commit rape under the
    common law where the alleged victim is under the statutory
    age of consent.

5. RAPE — THIRD-DEGREE CRIMINAL SEXUAL CONDUCT — LESSER IN-
    CLUDED OFFENSES — INFANTS — STATUTES.

    Evidence of a defendant's intent to accomplish sexual penetra-
    tion, supplemented by physical manifestations of that intent, is
    sufficient to enable a trial court to instruct a jury on the lesser
    offense of assault with intent to commit criminal sexual con-
    duct involving sexual penetration included in a charge of third-
    degree criminal sexual conduct where the alleged victim is at
    least thirteen years of age and is under the age of sixteen (MCL
    750.520d[1][a], 750.520g[1]; MSA 28.788[4][1][a], 28.788[7][1]).

6. CRIMINAL LAW — LESSER INCLUDED OFFENSES — COGNATE OFFEN-
    SES — FAIR NOTICE.

    A criminal defendant is given fair notice that he may be required
    to defend against a cognate lesser included offense where the

greater and lesser included offenses are not textually remote and the logical connection between the offenses is obvious or well-established.

7. Rape — Third-Degree Criminal Sexual Conduct — Lesser Included Offenses — Infants — Fair Notice — Statutes.

A charge of third-degree criminal sexual conduct gives a defendant fair notice that he may be required to defend against a lesser included charge of assault with intent to commit criminal sexual conduct involving sexual penetration where the alleged victim is at least 13 years of age and is under 16 years of age (MCL 750.520d[1][a], 750.520g[1]; MSA 28.788[4][1][a], 28.788[7][1]).

8. Evidence — Criminal Law — Similar Acts — Rules of Evidence.

A trial court may admit evidence of a criminal defendant's prior bad acts where the crime charged is a sexual offense and the prior bad acts tend to show similar familiarity between the defendant and the alleged victim (MRE 404[b]).

9. Appeal — Preserving Question.

Objections to proffered evidence must be specific, citing the precise grounds for the objection, and failure to state the proper reason for an objection precludes review on appeal absent manifest injustice.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Michael W. LaBeau,* Prosecuting Attorney, and *William D. Bond,* Assistant Prosecuting Attorney, for the people.

*Kim Robert Fawcett,* Assistant State Appellate Defender, for defendant on appeal.

Before: V. J. Brennan, P.J., and T. M. Burns and R. H. Pannucci,* JJ.

V. J. Brennan, P.J. Defendant was charged with criminal sexual conduct in the third degree, MCL 750.520d(1)(a); MSA 28.788(4)(1)(a). By supplemental information, he was charged with being a

---

* Circuit judge, sitting on the Court of Appeals by assignment.

second-felony offender, MCL 769.10; MSA 28.1082. On June 17, 1980, he was convicted by a jury of assault with intent to commit criminal sexual conduct involving sexual penetration, MCL 750.520g(1); MSA 28.788(7)(1). He, thereafter, pled guilty to the supplemental information. Defendant was sentenced to from 2-1/2 to 15 years imprisonment. He appeals as of right.

The events forming the basis for the criminal sexual conduct charge occurred during the evening of November 2, 1979. The complainant testified that, on this date, she was 13 years old. She had gone to the apartment of a friend and neighbor to assist with the neighbor's baby. She had known the defendant for several months and often met with him at the neighbor's home but never at her own home. She testified that, although she liked and previously had kissed defendant, she was not sure that she wanted to be his girlfriend.

At one point in the evening, the complainant went upstairs to use the bathroom and then stayed to pick up some dirty clothes. Approximately ten minutes later, defendant also came up to the bathroom. He took her bluejeans and underwear down to her knees. Complainant testified that she did not know how but she ended up lying on the floor in the bathroom. Defendant lay on top of her, between her legs. On direct examination, the complainant testified that defendant's penis entered into her vagina. On cross-examination, she stated that it was "possible" that defendant had been rubbing her and that his penis had not entered her.

The neighbor's testimony essentially corroborated the complainant's testimony. The neighbor testified that complainant and defendant had been upstairs for 30 minutes when, after calling for

complainant to come down, she went upstairs to get her. Upon opening the bathroom door, she saw complainant and defendant lying half-nude on the floor in the previously described sexual position.

The issue of first impression in this case concerns the lesser offenses included in a charge of third-degree criminal sexual conduct when the principal charge involves a victim between the ages of 13 and 16. On appeal, defendant contends that the trial court committed error requiring reversal when it instructed the jury on assault with intent to commit criminal sexual conduct involving sexual penetration, MCL 750.520g(1); MSA 28.788(7)(1), on the theory that it was a lesser included offense of the charged crime of third-degree criminal sexual conduct, MCL 750.520d(1)(a); MSA 28.788(4)(1)(a).

The provision of third-degree criminal sexual conduct under which defendant was charged is premised upon engaging in sexual penetration with a person at least 13 years of age and under 16 years of age, MCL 750.520d(1)(a); MSA 28.788(4)(1)(a). The defendant contends that the instruction given the jury on assault with intent to commit criminal sexual conduct involving sexual penetration was erroneous because it is neither a necessarily lesser nor cognate included offense of third-degree criminal sexual conduct. Alternatively, defendant argues that assuming, *arguendo,* the criminal sexual assault charge is a lesser included offense, the information did not provide fair notice nor did the evidence adduced at trial warrant the trial court's instructing the jury on this lesser offense. We disagree.

Traditionally, Michigan has clearly recognized that an information charging statutory rape necessarily embraces the lesser included offense of as-

sault with intent to commit rape. *People v Phillips,* 385 Mich 30, 36; 187 NW2d 211 (1971), *People v Oberstaedt,* 372 Mich 521, 524; 127 NW2d 354 (1964), *People v Eddy,* 252 Mich 340, 346; 233 NW 336 (1930), *People v Martin,* 208 Mich 109; 175 NW 233 (1919), *People v Abbott,* 97 Mich 484; 56 NW 862 (1893), *People v McKee,* 7 Mich App 296; 151 NW2d 869 (1967), *lv den* 379 Mich 785 (1967).

Under modern analysis, while assault with intent to commit criminal sexual conduct may not be a necessarily lesser included offense of third-degree criminal sexual conduct, we have no difficulty in concluding that it is a viable cognate lesser offense. *People v Ora Jones,* 395 Mich 379, 387; 236 NW2d 461 (1975), *People v Payne,* 90 Mich App 713, 719; 282 NW2d 456 (1979). To be a cognate lesser offense, the two crimes must share several elements and be of the same class or category. *Ora Jones, supra, Payne, supra.* A lesser included offense will share a common statutory purpose, protecting the same societal interests as the greater offense. *People v Green,* 86 Mich App 142, 148-149; 272 NW2d 216 (1978). The fact that a lesser offense within the same category as the greater offense charged has an element not included within the greater does not preclude the lesser from being included with the greater. *Ora Jones, supra,* 388-389, *People v Robinson,* 101 Mich App 687; 301 NW2d 41 (1980). However, in order for a trial court to instruct on a cognate lesser offense, it is necessary that the evidence adduced during trial must support a conviction on that offense. *Ora Jones, supra,* 390, *People v Chamblis,* 395 Mich 408, 423-424; 236 NW2d 473 (1975), *Payne, supra,* 720, *Robinson, supra,* 692. Thus the final resolution of whether one offense is a cognate of another must be resolved by referring to the

evidence on a case-to-case basis to determine whether the record would support a conviction of the lesser offense.

Application of the above rules of law demonstrates that third-degree criminal sexual conduct and assault with intent to commit criminal sexual conduct share a common statutory purpose, protect the same societal interests, and seek to remedy the same problem: criminal sexual conduct. Moreover, the two crimes share overlapping elements: sexual penetration or attempt to commit sexual penetration. Further, the fact that the lesser offense has an assault element which is not included within the greater analytically does not mandate that the lesser offense cannot be a cognate of the greater.

However, defendant strenuously argues that the trial court was precluded from instructing the jury on the criminal sexual assault charge as a cognate lesser included offense because nothing in the trial evidence showed that defendant used or threatened actual physical force or violence to accomplish the sexual acts. He reasons that, since the complainant consented to the sexual acts, he could not have committed the crime of assault with intent to commit criminal sexual conduct involving sexual penetration.

We are not persuaded by defendant's argument since it is contrary to a long line of cases holding that force against the will of a female under the age of 16 is not necessary to sustain a conviction for assault with intent to commit rape.

In *People v Courier,* 79 Mich 366, 368; 44 NW 571 (1890), the Court stated the common-law rule that actual violence or actual assault is not an essential element of the crime of assault with intent to commit rape when the person allegedly assaulted is under the age of consent.

"In cases of this kind it is not necessary that it should be shown, as in rape, that the accused intended to gratify his passion at all events. If he intended to have sexual intercourse with the child, and took steps looking towards such intercourse, and laid hands upon her for that purpose, although he did not mean to use any force, or to complete his intent if it caused the child pain, and desisted from his attempt as soon as it hurt, he yet would be guilty of an assault with intent to commit the crime charged in the information. Force, against the will of the female, is not a necessary element of the crime charged here. Sexual intercourse is sufficient, and if an assault is made, with the design of sexual intercourse with a child under the statutory age, the crime of an assault with intent to carnally know and abuse the child is committed. If indecent liberties are taken with the child with no intent to have sexual intercourse, it is punishable as an assault; and the lesser crimes are contained within the greater, and, under an information charging carnal knowledge and abuse, the accused may be convicted of assault with intent to commit such carnal knowledge and abuse or of simple assault. *Campbell v People,* 34 Mich 351 [1876]; *People v McDonald,* 9 Mich 150 [1861]; *Hanna v People,* 19 Mich 316 [1869]."

The Courts subsequently have held that a defendant's intent to employ force to overcome any resistance offered by the complainant, or its actual use, is not a necessary element of assault with intent to commit rape when the female is under the statutory age. *People v Goulette,* 82 Mich 36; 45 NW 1124 (1890), *People v Chamblin,* 149 Mich 653; 113 NW 27 (1907), *People v Kongeal,* 212 Mich 307; 180 NW 636 (1920), *Eddy, supra.* The sole case, *People v Dowell,* 136 Mich 306; 99 NW 23 (1904), which held that actual violence is essential to the commission of the crime of assault with intent to commit rape, even upon a girl under the age of consent, has been expressly distinguished by

subsequent cases. See *Eddy, supra,* 346, *Kongeal, supra,* 315. Rather, the Courts have sustained charges of assault with intent to commit the crime of rape upon the presentation of evidence showing that the intent element was supplemented by some physical manifestation. Illustrative of such evidence is defendant's placing of his hands upon the complainant or feeling parts of her body. *Eddy, supra,* 346. Therefore, we are persuaded that, since in the instant case the evidence showed that the defendant's intent to accomplish sexual penetration was supplemented by physical manifestations, the evidence was sufficient for the trial court to instruct the jury on assault with intent to commit criminal sexual conduct involving sexual penetration as a cognate lesser included offense of third-degree criminal sexual conduct. We reject defendant's argument that the Legislature, in enacting the new criminal sexual conduct code, intended to change this decisional law since it is a general rule of statutory interpretation that the Legislature is " 'presumed to know of and legislate in harmony with existing laws * * *' ". *Robinson, supra,* 695, *People v Harrison,* 194 Mich 363, 369; 160 NW 623 (1916). We thus reject defendant's claim that his conviction of assault with intent to commit criminal sexual conduct involving sexual penetration must be reversed because that offense is not a lesser included offense of third-degree criminal sexual conduct when the complainant is a person of at least 13 years of age and under 16 years of age. We do so on the rationale that force or coercion is not a necessary element of the assault charge when the victim is under 16, but, rather, the assault element is satisfied by a showing that the intent to commit sexual penetration was supplemented by some physical manifestations on the part of defendant.

The remaining related question for our consideration is whether the information charging defendant with third-degree criminal sexual conduct with a person 13 years of age provided defendant with fair notice that he would be required to defend against a charge of assault with intent to commit criminal sexual conduct involving sexual penetration. This Court previously has recognized that the fair notice requirement for a cognate lesser included offense is satisfied where the greater and lesser included offenses are *not* remote textually and the logical connection between the two offenses is obvious or well-established. *Chamblis, supra,* 418, *Robinson, supra,* 695, *United States v Brewster,* 165 US App DC 1, 14, fn 32; 506 F2d 62 (1974). We find that both of these conditions are satisfied in the instant case. The section under which defendant was convicted is not at all remote textually from the greater offense statute under which he was charged. Nor do we find that they are not logically connected since the criminal sexual conduct act is explicitly arranged by degrees. Therefore, we conclude that the trial court did not err in instructing on the lesser included offense over defendant's objection.

Defendant's remaining issues merit considerably less discussion. In the instant case, complainant's neighbor was permitted to testify that she previously had observed sexual activity between defendant and complainant. More specifically, she testified that she had seen defendant on the couch with complainant earlier that week. They were almost nude and were "loving it up". The complainant had yelled out for defendant to stop, and he refused. The neighbor then told him to stop. Defendant quit, became angry, and left.

Defendant argued during trial, and reiterates on

appeal, that this testimony was inadmissible. We disagree.

MRE 404(b), which now governs the admissibility of similar-acts evidence, provides:

"Evidence of other crimes, wrongs, or acts is ⁻not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crime, wrongs, or acts are contemporaneous with, or prior or subsequent to the crime charged."

Under both third-degree criminal sexual conduct and assault with intent to commit criminal sexual conduct charges, sexual penetration is in issue. *People v Love,* 91 Mich App 495; 283 NW2d 781 (1979). The challenged testimony, where the complainant cried out for the defendant to stop, is probative of whether defendant was attempting to accomplish sexual penetration. Proof of defendant's intent to commit sexual penetration is material in order to distinguish defendant's actual conduct from that which might be deemed permissible sexual "contact". Thus, it qualifies as admissible to show defendant's intent, plan, or scheme to accomplish sexual penetration in the instant sexual act. *People v DerMartzex,* 390 Mich 410, 413-415; 213 NW2d 97 (1973), *People v Thomas Smith,* 388 Mich 93, 97; 199 NW2d 179 (1972), *People v Hammer,* 98 Mich App 471, 474; 296 NW2d 283 (1980). Defendant's strong reliance on *People v Major,* 407 Mich 394; 285 NW2d 660 (1979), is misplaced. *Major* involved evidence of sexual conduct with third persons and is distinguishable from the instant case. Evidence of prior

bad acts is admissible where the crime charged is a sexual offense and the other acts tend to show similar familiarity between the defendant and the person with whom he allegedly committed the charged offense. *DerMartzex, supra, Hammer, supra.*

Defendant next argues that he was denied a fair trial by the introduction of a detective's testimony concerning the contents of a crime report.

Detective Charles E. Moore, who was the investigating officer in this case, was endorsed as a witness on the information and testified at trial. Detective Moore testified that a rape kit had been used in this case and that swabs were taken and were sent to be analyzed by the crime lab. The prosecutor questioned Detective Moore concerning the failure to admit the lab report on the rape kit swabs. Detective Moore testified that he believed that there had been two separate incidents of sexual intercourse involving this girl with two different male individuals. Detective Moore indicated that he could see no value in admitting the lab report since he couldn't differentiate which male the report should be used against. Defense counsel objected to Detective Moore's comments concerning the lab report on the basis that the officer was not an expert and was not qualified to give testimony concerning the lab report. The court allowed the evidence as Detective Moore's own opinion and indicated to the jury that it was not purported to be expert testimony.

On appeal, defendant now argues that this testimony was irrelevant and highly prejudicial. However, the thrust of his objection during trial was that the detective was testifying as an expert. Evidentiary objections must be specific, citing the precise ground or grounds for the objection. Fail-

ure to state the proper reason for an objection precludes appellate review unless there is manifest injustice. *People v Buero,* 59 Mich App 670; 229 NW2d 880 (1975), *People v Winfield,* 39 Mich App 281; 197 NW2d 541 (1972), *lv den* 389 Mich 766 (1973), *People v Frederick Lester,* 78 Mich App 21, 32; 259 NW2d 370 (1977), *rev'd on other grounds* 406 Mich 252 (1979), *People v Hicks,* 70 Mich App 430, 437; 245 NW2d 778 (1976). We find no manifest injustice.

Finally, defendant argues that the trial court failed to recognize that it had discretion in imposing sentence when it imposed the maximum sentence allowed by the statute, MCL 769.10; MSA 28.1082. We are unpersuaded by defendant's argument. While the cited excerpt from the sentencing transcript is subject to interpretation, the fact that the court specified that the offense was against public morals and against a young child lends credence to the position that the trial court recognized its discretion and exercised it by setting the maximum term as the maximum allowed under the statute. We find no error.

Defendant's conviction and sentence are affirmed.