877 F.2d 62
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lawrence LOWE, Petitioner-Appellant,
v.
Elton SCOTT, Respondent-Appellee.
 No. 88-1911.
 United States Court of Appeals, Sixth Circuit.
 June 19, 1989.
 
 Before KENNEDY, RALPH B. GUY and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Lawrence Lowe moves for counsel and appeals from the district court's judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. Following a jury trial, Lowe was convicted of first degree murder in violation of Mich.Comp.Laws Sec. 750.316, and conspiracy to obstruct justice in violation of Mich.Comp.Laws Sec. 750.157(a). He was sentenced to life imprisonment.
 
 
 3
 Lowe raised the following claims in his petition: (1) he was denied his constitutional rights when the trial court disobeyed the Michigan Court of Appeals' order to prepare transcripts of grand jury testimony; (2) the question of malice was taken away from the jury in violation of Sandstrom v. Montana, 442 U.S. 510 (1979); (3) he was denied effective assistance of counsel because the same court-appointed attorney represented both him and his co-defendant at trial; (4) he was illegally arrested and detained for five days before arraignment; (5) a jury instruction impermissibly shifted the burden of proof as to the identity of the murderer away from the prosecution; (6) the search warrant was constitutionally defective because it was not based upon reliable information; and (7) he was improperly denied an evidentiary hearing.
 
 
 4
 After reviewing the response, the district court dismissed the petition as meritless. Lowe raises the same arguments on appeal.
 
 
 5
 Lowe's first claim, that he was denied his constitutional rights when the trial court disobeyed the Michigan Court of Appeals' order to prepare a transcript of the grand jury's testimony, is without merit. Lowe failed to show prejudice resulting from the missing transcript, and thus, failed to establish that he was denied the right to a fair appeal. See Bransford v. Brown, 806 F.2d 83, 86 (6th Cir.1986), cert. denied, 481 U.S. 1056 (1987). Lowe's conviction was based only on testimony which was elicited at trial. Thus, the grand jury testimony which resulted in an indictment is irrelevant to Lowe's ability to appeal. As a result, Lowe's first habeas claim is without merit.
 
 
 6
 Lowe's second claim is that a trial court instruction took the question of malice away from the jury in violation of Sandstrom v. Montana, 442 U.S. 510. The respondent concedes that the instruction was erroneous under Sandstrom. Nevertheless, the conviction should be upheld since the constitutional error was harmless beyond a reasonable doubt. See Rose v. Clark, 478 U.S. 570, 576-79 (1986). In this case, the error was harmless because the issue at trial was one of identity, not intent. The focus of Lowe's defense was that the victim was killed by two other men, and he was not involved in the crime. Thus, the second claim is meritless.
 
 
 7
 Lowe's third claim is that he was denied his constitutional rights to a fair trial, confrontation of witnesses, and effective assistance of counsel because he and his co-defendant were represented by the same court-appointed attorney. Lowe did not object to the joint representation at the time of trial. Lowe first argues that the trial court erred when it did not inquire whether defense counsel's joint representation would present a conflict. However, a trial court is not required to so inquire. See Cuyler v. Sullivan, 446 U.S. 335, 345-48 (1980). In order to establish a violation of the sixth amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance. See Cuyler, 446 U.S. at 348. Lowe claims that his attorney made statements on the record which showed that defense counsel abandoned him in order to protect his co-defendant and that the transcripts that he was not provided would support his claim. However, a review of the pleadings shows that this claim must also fail. Lowe admits in his petition that he was not present at the hearings when his counsel allegedly made his statement on the record abandoning him. At the district court level, he did not state how he got this information. On appeal, he does state that a prisoner at the Wayne County Jail, who was present at the hearing, overheard the prosecutor tell the judge that the co-defendant had given him some favorable information and then the judge, attorney, and the prosecutor went into the judge's chambers. These factual allegations will not be considered by this court as they were made for the first time on appeal, and were not presented to the district court or the state appellate courts. See Lyle v. Koehler, 720 F.2d 426, 428-29 (6th Cir.1983). As Lowe failed to establish any conflict of interest which adversely affected him, this claim fails.
 
 
 8
 Lowe's fourth habeas claim is that his illegal arrest and detention for five days before arraignment under a "reverse writ" violated his constitutional rights and resulted in improperly obtained evidence at trial, and that his arrest and the evidence produced during his five-day incarceration violated the fourth amendment. In order for a federal court to review a fourth amendment claim in a habeas petition, the state must not have a procedure by which the petitioner can raise the issue. Second, the habeas court must conclude that presentation of the claim was in fact frustrated by a failure of the procedure afforded him. See Riley v. Gray, 674 F.2d 522, 526 (6th Cir.), cert. denied, 459 U.S. 948 (1982). In this case, the record shows that the Michigan courts fully reviewed this claim. As Lowe was given a full and fair opportunity to have the state courts adjudicate this claim and as bringing this claim was not frustrated because of a failure of the state's procedure, this claim is without merit. See Stone v. Powell, 428 U.S. 465 (1976).
 
 
 9
 Lowe's fifth argument is that he was denied due process by the trial court's instruction which impermissibly shifted the burden of proof as to the identity of the murderer away from the prosecution. Lowe did not object to the instructions at trial. Under Michigan law, there must be a contemporaneous objection to all allegedly erroneous jury instructions in order to preserve the issues for appellate review, absent manifest injustice. See Joba Constr. Co. v. Burns & Roe, Inc., 121 Mich.App. 615, 639, 329 N.W.2d 760, 767 (1982). In this case, the state court of appeals found that the jury was adequately informed as to the burden of proof in a criminal case. The state court also expressly stated that Lowe violated a valid state procedural rule as the reason for barring appellate review of this claim. This finding of procedural default bars federal habeas review of the claim as Lowe failed to show cause for default and prejudice attributable thereto and he did not demonstrate that failure to consider this claim will result in a fundamental miscarriage of justice. See Harris v. Reed, 109 S.Ct. 1038 (1989).
 
 
 10
 Sixth, Lowe claims that the search warrant was constitutionally defective because it was not based upon reliable information in a proper affidavit. This is also a fourth amendment claim. A review of the record shows that the state courts reviewed this claim thoroughly. Since Lowe was given a full and fair opportunity to litigate this claim in the state courts and because presentation of this claim was not frustrated because of a failure of Michigan's procedural mechanism, he is not entitled to habeas relief on this issue. See Stone, 428 U.S. at 465.
 
 
 11
 Finally, Lowe claims that he was improperly denied an evidentiary hearing. In light of the foregoing, the district court properly declined to conduct an evidentiary hearing on the matter as the record demonstrates that Lowe is not entitled to relief. See Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986).
 
 
 12
 For these reasons, the motion for counsel is hereby denied and the district court's judgment is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.